UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>     Plaintiff<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC and THE COTTAGES AT CENTENNIAL RANCH HOMEOWNERS ASSOCIATION,<br><br>     Defendants | Case No.: 2:16-cv-02889-APG-EJY<br><br>**Order (1) Granting the Defendants' Motions to Dismiss and for Summary Judgment and (2) Granting Request for Expungement of Lis Pendens**<br><br>[ECF Nos. 35, 40, 43] |

Plaintiff Nationstar Mortgage LLC sues to determine whether a deed of trust encumbers property located at 908 Appaloosa Hills Avenue in North Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant The Cottages at Centennial Ranch Homeowners Association (Cottages). Nationstar seeks a declaration that the deed of trust still encumbers the property. Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the HOA sale.

Cottages moves to dismiss and for summary judgment on Nationstar's due process claims, arguing that those claims fail as a matter of controlling law under *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620 (9th Cir. 2019). Cottages also argues there is no evidence it failed to comply with Nevada law in conducting the foreclosure, so there is no basis to set aside the sale. SFR likewise moves for summary judgment, arguing the sale is presumptively valid and Nationstar has not presented evidence sufficient to justify equitably setting aside the sale. SFR also requests that Nationstar's lis pendens be expunged.

In response to the motion to dismiss, Nationstar contends that *Arlington* does not preclude its claim that at the time of this sale the Nevada HOA foreclosure statutes violated due

process because they did not require an HOA to provide adequate notice. Alternatively, Nationstar requests leave to amend. In response to the summary judgment motions, Nationstar argues that the sale should be equitably set aside because the property was sold for a grossly inadequate price and the sale was unfair.

The parties are familiar with the facts so I will not repeat them here except where necessary to resolve the motion. I grant Cottages' motion to dismiss and for summary judgment on the due process claims because the Nevada HOA foreclosure statutes as they existed at the time of this sale did not violate due process. I grant Cottages' and SFR's motions for summary judgment because Nationstar has not presented evidence supporting a basis to equitably set aside the sale. Finally, I grant SFR's request to expunge the lis pendens because Nationstar has not established that it has a fair chance of success on the merits.

## I. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Due Process**

The HOA foreclosure statutes do not violate due process. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623-24 (9th Cir. 2019) (citing *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (Nev. 2018) (en banc)); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *6-9 (D. Nev. Mar. 31, 2016).  I therefore grant Cottages' motions to dismiss and for summary judgment on Nationstar's due process claims.  I deny Nationstar's unadorned request for leave to amend because it does not identify how it could amend to save these futile claims.

**B. Equitably Set Aside the Sale**

To equitably set aside the sale, there must be proof of an inadequate price plus "some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of

price." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 642-43 (Nev. 2017) (quotation omitted). Where the price inadequacy "is great, a court may grant relief based on slight evidence of fraud, unfairness, or oppression." *Id.* at 643. However, the fraud, unfairness, or oppression must have affected "the sale itself." *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nev. Ass'n Servs., Inc.*, 437 P.3d 154, 160 (Nev. 2019) (en banc) (emphasis omitted). And even where there is an inadequate price brought about by fraud, unfairness, or oppression, I am not required to set aside the sale. Rather, I must weigh all of the equities, including Nationstar's inaction and the impact the requested relief may have on a bona fide purchaser. *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1114-15 (Nev. 2016) (en banc). Nationstar bears "the burden to show that the sale should be set aside in light of [SFR's] status as the record title holder . . . and the statutory presumptions that the HOA's foreclosure sale complied with [Nevada Revised Statutes (NRS)] Chapter 116's provisions." *Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d at 646 (Nev. 2017) (internal citations omitted).[1]

Even viewing the evidence in the light most favorable to Nationstar, there is no basis to set aside the sale. Nationstar has not presented evidence that unfairness brought about the allegedly low price. Nationstar contends the sale should be set aside because the HOA's CC&Rs represented that an HOA foreclosure sale would not extinguish the deed of trust. But under NRS Chapter 116, an HOA cannot waive its superpriority lien. *See RLP-Vervain Court, LLC v. Wells Fargo*, No. 65255, 2014 WL 6889625, at *1 (Nev. Dec. 5, 2014) ("[A]n association may not waive its right to a priority position for the association's superpriority lien."); *SFR Investments*

---

[1] To the extent Nationstar is arguing that SFR cannot rely on the presumptions of good title and that the HOA sale was properly conducted because there is no evidence the HOA's lien contained a superpriority component, the evidence shows otherwise and Nationstar has not presented evidence raising a genuine dispute that the lien did not contain a superpriority component. *See* ECF No. 45-1 at 41, 46, 49, 52-54, 57.

4

1  *Pool 1 v. U.S. Bank*, 334 P.3d 408, 418-19 (Nev. 2014) (en banc).  Nationstar and any potential
2  bidders at the sale would have been on notice of both the CC&Rs and Chapter 116. *See*
3  *JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, No. 71839, 2018 WL 1448728, at
4  *2, 414 P.3d 812 (Nev. 2018) (unpublished) ("[W]e are not convinced that [the mortgage
5  protection clause in the CC&Rs] dissuaded higher bidders.  In particular, we must presume that
6  any such bidders also were aware of NRS 116.1104.").

7      Nationstar has not presented evidence that any potential or actual bidder (including itself
8  or its predecessor) was dissuaded from bidding based on the mortgage protection clause.
9  Consequently, there is no evidence the mortgage protection clause in the CC&Rs affected the
10 price paid at the foreclosure sale. *Bank of Am., N.A. v. Saticoy Bay LLC Series 716 Fiesta Del*
11 *Rey*, No. 73623, 433 P.3d 262, 2019 WL 292773, at *2 (Nev. Jan. 17, 2019) (holding there was
12 no basis to set aside the sale based on the CC&Rs because there was "no evidence that
13 prospective bidders were misled by the CC&Rs' restrictive covenant and that bidding was
14 chilled"); *S. Capital Pres., LLC v. GSAA Home Equity Tr. 2006-5*, No. 72461, 414 P.3d 808
15 2018 WL 1447727, at *1 (Nev. Mar. 15, 2018) (holding purchaser at an HOA sale was entitled
16 to judgment as a matter of law where there was no evidence that any bidder was actually chilled
17 by the mortgage protection clause).

18     Nationstar also argues that unfairness existed because of the legal uncertainty about
19 whether an HOA superpriority lien foreclosure could extinguish a deed of trust.  Legal
20 uncertainty does not amount to fraud, oppression, or unfairness sufficient to set aside the sale.
21 Simply reading the statute that grants HOAs a superpriority lien would have put Nationstar on
22 notice of the possibility that its deed of trust was in jeopardy. *See K&P Homes v. Christiana Tr.*,
23 398 P.3d 292, 295 (Nev. 2017) (en banc) (holding that the *SFR* decision "did not create new law

5

or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception."). Moreover, "[w]here the complaining party has access to all the facts surrounding the questioned transaction and merely makes a mistake as to the legal consequences of his act, equity should normally not interfere, especially where the rights of third parties might be prejudiced thereby[.]" *Shadow Wood HOA*, 366 P.3d at 1116.

Even if there were irregularities, I still must weigh Nationstar's inaction when determining whether to set aside the sale. *Id.* at 1114-15. Nationstar took no action prior to the sale to preserve the deed of trust and waited more than two years after the sale to bring this lawsuit. Even if SFR is not entitled to bona fide purchaser status, considering the "entirety of the circumstances that bear upon the equities," Nationstar has no basis to set aside the sale. *Id.* at 1114. I therefore grant the defendants' motions for summary judgment.

**C. Lis Pendens**

SFR requests that Nationstar's lis pendens be expunged. Nationstar contends the lis pendens should not be expunged until this case, including any appeal, is resolved.

Under Nevada law, a lis pendens (or notice of legal action affecting real property) must be expunged if the party that recorded it fails to establish:

> (a) The action is for the foreclosure of a mortgage upon the real property described in the notice or affects the title or possession of the real property described in the notice;
> (b) The action was not brought in bad faith or for an improper motive;
> (c) The party who recorded the notice will be able to perform any conditions precedent to the relief sought in the action insofar as it affects the title or possession of the real property; and
> (d) The party who recorded the notice would be injured by any transfer of an interest in the property before the action is concluded.

Nev. Rev. Stat. § 14.015(2). The party who recorded the notice must also establish "to the satisfaction of the court" either that it is "likely to prevail in the action" or "has a fair chance of

success on the merits in the action" and that "the hardship on him or her in the event of a transfer would be greater than the hardship on the defendant resulting from the notice of pendency." *Id.* § 14.015(3). Nationstar has not shown it has a fair chance of success on the merits, much less a likelihood of prevailing, so I grant SFR's request to expunge the lis pendens.

## II. CONCLUSION

I THEREFORE ORDER that defendant The Cottages at Centennial Ranch Homeowners' Association's motions to dismiss and for summary judgment **(ECF Nos. 35, 40) are GRANTED**.

I FURTHER ORDER that defendant SFR Investments Pool 1, LLC's motion for summary judgment **(ECF Nos. 43, 45) is GRANTED**.

I FURTHER ORDER that defendant SFR Investments Pool 1, LLC's request to expunge lis pendens is GRANTED. Plaintiff Nationstar Mortgage LLC is ordered to record a copy of this order with the Clark County Recorder by September 4, 2020. This order has the same effect as an expungement of the original notice.

I FURTHER ORDER the clerk of court to enter judgment in favor of the defendants and against the plaintiff and to close this case.

DATED this 13th day of August, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE